**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZACHARY L. YANDRICH,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 25-4027

D.C. No.
3:24-cv-05907-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted August 7, 2026[**]
Seattle, Washington

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and LIBURDI, District
Judge.[***]

Zachary L. Yandrich appeals the district court's order affirming an

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

administrative law judge's ("ALJ") denial of Social Security benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision affirming the denial of benefits de novo, and the ALJ's denial of benefits for substantial evidence or legal error. *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). We affirm.

1.      Substantial evidence supports the ALJ's evaluation of the medical opinions. The ALJ permissibly found the opinions of Dr. Jamito, Dr. Wingate, and Mr. Bolden unpersuasive because they were inconsistent with the longitudinal record, including the providers' unremarkable treatment notes. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023). And the ALJ reasonably credited the better-supported opinions of Drs. Sacks, Ahn, and Melamed. *See Woods v. Kijakazi*, 32 F.4th 785, 793 (9th Cir. 2022). Yandrich's remaining challenges are conclusory and do not carry his burden. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (holding that bare assertions and lists of facts unaccompanied by analysis fall short of an appellant's burden).

2.      The ALJ gave specific, clear, and convincing reasons for discounting Yandrich's symptom testimony, explaining that his allegations of disabling fatigue and social anxiety conflicted with normal medical findings and his reported activities. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Because those reasons were valid, and because the lay testimony from Amanda DeLouise largely

25-4027

repeated Yandrich's claims, the same reasons are germane grounds for discounting her testimony. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that where an ALJ gives clear and convincing reasons for rejecting a claimant's testimony, the "ALJ also [gives] germane reasons for rejecting" similar lay witness testimony).

3.      Yandrich's residual functional capacity and step-five challenges are derivative of arguments we have already rejected. The ALJ was required to include only the limitations he found supported, and he permissibly relied on Medical-Vocational Rule 201.27 to direct a finding of "not disabled." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**